CALDWELL, Justice.
The petitioner is here seeking the reversal of an order of the Florida Public Utilities Commission enjoining the transportation of military personnel between Key West and Cud joe Key by Gray Line Sightseeing Tours, Inc., until such time as it secures a certificate of authority.
The facts are the United States Government, on bids invited by the Department of the Navy, Bureau of Yards and Docks, contracted with Gray Line to transport personnel assigned to 6947th Security Squadron between the points aforesaid and, inter alia, required that no stops be made other than those scheduled at military installations and that its equipment should comply with safety requirements established by the state.
After the award, Gray Line applied to the Florida Public Utilities Commission for a contract-carrier certificate, and, later, for a temporary certificate. The application's were protested, whereupon Gray Line sought to withdraw its application for temporary authority on the ground the Commission had no jurisdiction. A protestant, an unsuccessful bidder, thereupon petitioned the Commission to enjoin performance of the contract.
At the hearing, on the question of jurisdiction and the petition for injunction, the Commission heard argument of counsel, declined to hear testimony proffered by Gray Line and entered its order enjoining the transportation contracted for and denying the motion of Gray Line to dismiss its application.
Under applicable law and the contract here in question the equipment requir *219 ed lor the transportation involved is subject to all safety requirements established by Florida Law. The Florida Public Utilities Commission is designated by law as ■the agency charged with administering safety regulations touching contract carriers.
The Federal Government possesses the authority to award contracts for transportation to the lowest responsible bidders, to determine the qualifications of military contractors and to assess its own needs and requirements. The state may require the observance of necessary safety requirements and, upon its highways, impose reasonable regulation over such military contractors. As a condition precedent to the exercise of its authority, the Public Utilities Commission must have certified the contractor for the immediate purpose -of the contract but, in this, the Commission is without discretion. The certificate should issue as of course upon application.
The Public Utilities Commission was not empowered to enjoin the performance of this contract. The Federal Government is vested with authoritative power to provide for the defense of the nation and may, when authorized by the Congress, enter into such contracts as may be necessary to that purpose. A holding to the contrary would contravene Article VI of the Federal Constitution which provides that the laws of the United States made pursuant to the Constitution are the supreme law of the land.
The order of the Commission enjoining the performance of the contract in controversy is quashed and the cause is remanded to the Public Utilities Commission with direction to grant the petitioner a temporary certificate authorizing it to operate under and pursuant to the terms of the aforesaid contract.
DREW, C. J., .and THOMAS, THOR-NAL and O’CONNELL, JJ., concur.