### Application of ACADEMY VAN LINES OF FLORIDA, Inc.
No. 6993-FH.

Florida Public Utilities Commission.

April 3 and May 15, 1964.

Thomas N. Tucker, Pensacola, for applicant.

Dan R. Schwartz, Jacksonville, for All States Moving & Storage Co., Delcher Brothers Moving & Storage Co., Weathers Brothers Transfer Co., Inc., Guardian Storage, Inc., Ellison Transfer Co., Kennelly Transfer & Storage, and Suddath Moving & Storage Co., Inc., protestants.

James L. Graham, Jr., Assistant General Counsel, for the commission staff and the public generally.

Chairman EDWIN L. MASON, Commissioners JERRY W. CARTER and WILBUR C. KING each participated in the hearing and disposition of this cause.

BY THE COMMISSION.

*Order, April 3, 1964:* Pursuant to due notice the commission held a public hearing in this cause at Pensacola on October 29, 1963.

By this application Academy Van Lines of Florida, Inc. seeks a for hire permit authorizing the transportation of household goods incidental to basic agreement contract number DA-207-SS(HHG)-22 between the U. S. Navy and the U. S. Air Force from points to applicant's warehouse as indicated in basic agreement number DA-207-SS(HHG)-22, for the purpose of non-temporary (permanent) storage.

At the hearing and in their brief, the protestants raised the question that the proposed operation is contract carriage instead of for hire carriage and even if it is for hire carriage, then a for hire permit still ought not to be granted because public convenience and necessity does not require its grant.

The proposed operation by Academy Van Lines is not contract carriage because there will be no carriage consisting of a "continuous or recurring carriage under the same contract" as defined by section 323.01(8), Florida Statutes. It is true that the applicant and the Defense Department have entered into what is labeled an "agreement." However, this "agreement" is not for the carriage of any property. If merely sets up the duties of a person who ultimately stores and transports the household goods *if* a contract is entered into by the two parties. This "agreement" merely qualifies a person to make bids on the storage and incidental transportation of the household goods. When a specific "lot" of household goods is to be stored, a service order is issued by the ordering officer of the Defense Department to the person who has submitted the lowest bid for such service. If such person is in a position to store and transport the household goods, then and not until then is a contract entered into between the two parties (the Defense Department and the household goods storer) and only as to that specific "lot." It

is specifically stated in the "agreement" that it does not constitute any contractual obligation on the part of the government except to the extent of the service orders. Therefore, there is no intent on the part of the government through the Defense Department to enter into any contract until a specific bid is accepted by them.

Since this is not private contract carriage and could not conceivably be common carriage, then, since it is for compensation, the only carriage that it can be is for hire carriage as defined by section 323.01(9), Florida Statutes.

Pursuant to section 323.05(6) this commission may require a public hearing on an application for a for hire permit and "may consider questions of public convenience and necessity and the effect of the proposed service or carriage, if granted, on existing transportation facilities . . . within the territory proposed to be served and may deny or restrict or modify the proposed service if the same is found to be contrary to the public interest." The commission undoubtedly does have this discretion in cases where the issuance of the usual for hire permit is at issue; however, this is no longer the situation where the carrier is dealing with the Defense Department. This is because of the case of Gray Line Sightseeing Tours, Inc. v. Jerry W. Carter, et al, 159 So.2d 217. In that case our State Supreme Court said —

> "The federal government possesses the authority to award contracts for transportation to the lowest responsible bidders, to determine the qualification of military contractors and to assess its own needs and requirements."

Our Supreme Court went on to order the commission to grant a "temporary certificate" to the applicant as a matter of course upon application, indicating that when the Defense Department is securing transportation the commission has no discretion except to issue the certificate so that the carrier may perform the services in the manner requested by the Defense Department.

In a supplemental brief which was entertained by the commission, the protestants offered the following additional point —

> "Until such time as the federal government shall change its general policy not to utilize knowingly the services of any carrier unless it is duly authorized by the Florida commission to perform instrastate service, or shall affirmatively advise the commission that a particular contract with a specified carrier is an exception to such general policy, no conflict exists between the federal government and the commission so as to deprive the commission of any of its jurisdiction and licensing powers under applicable Florida statutes."

The protestants then set forth a very able argument in support of the above point, citing very convincing authority which would be controlling in other circumstances. In fact, the supplemental brief sets forth substantially the same position which the commission took in its order 5808 in docket 6933-KC which our Supreme Court had before it when it rendered its opinion in Gray Line Sightseeing Tours, Inc. v. Jerry W. Carter, et al, supra. It should be added that the commission in its brief in attempting to get its order upheld by the Supreme Court, also presented the argument presented by the protestants in their supplemental brief; that is, the commission was of the opinion that as stated in its order 5808 in the Gray Line case — "It was not the intention of the federal government to deprive the states of these powers [the regulation of transportation facilities] and we find no federal statute or regulation which would contravene the authority of this commission to require Gray Line to adhere to Florida law and secure a certificate of public convenience and necessity before using the Florida highways for compensation." As the commission understands the Gray Line decision, the Supreme Court rendered its opinion on the ground that "the federal government is vested with authoritative power to provide for the defense of the nation and may, when authorized by the Congress, enter into such contracts as may be necessary to that purpose." The court did not explicitly construe the various pronounced policies of the federal government in regard to transportation, but apparently took the position that the authority of the federal government possessed by it under the constitution to "provide for the defense of the nation" is self-executing, regardless of policies that may be set by the Congress or various departments of the administrative branch. Hence, as stated above, since the transportation involved in this proceeding is for the Defense Department, the commission must, as a matter of right, grant whatever authority the applicant seeks without examination of any federal statutes or policy pronouncements by administrative agencies. Since our Supreme Court has so interpreted chapter 323, Florida Statutes, in regard to a contract carrier certificate, then of necessity such an interpretation would apply as to whether the commission has any discretion in the issuance of a for hire permit when it is sought to perform some service requested by the Defense Department.

Now, therefore, in consideration thereof, it is ordered that the application of Academy Van Lines of Florida, Inc. be and the same is hereby granted and that for hire permit no. 1179 be issued to said applicant, authorizing the transportation of household goods incidental to basic agreement contract number DA-207-SS(HHG)-22 between the Department of Defense and the applicant between all points in Escambia, Santa Rosa, Okaloosa and Walton counties and the applicant's warehouse as indicated in basic agreement number

DA-207-SS(HHG)-22 for the purpose of non-temporary (permanent) storage. It is further ordered that the applicant comply with this commission's rules and regulations governing insurance, registration of vehicles and make proper mileage tax reports to this commission.

*Order, May 15, 1964:* By order 6205 entered in this docket on April 3, 1964, the commission granted to Academy Van Lines of Florida, Inc. permit no. 1179 authorizing the transportation of household goods incidental to basic agreement contract number DA-207-SS(HHG)-22 between the Department of Defense and the applicant between all points in Escambia, Santa Rosa, Okaloosa and Walton counties and the applicant's warehouse as indicated in basic agreement number DA-207-SS(HHG)-22 for the purpose of non-temporary (permanent) storage. The above authority was granted after a public hearing on the application.

Protestants have filed a petition for reconsideration and a petition to reopen this proceeding for further hearing. There has also been filed a petition for leave to intervene as parties protestant by the following — Caldwell Bonded Warehouses of St. Petersburg, Inc., Elder Moving & Storage Company, Gainesville Bonded Warehouse, Inc., Goodall Bros. Transfer & Warehouse Company, Inc., May's Transfer, Inc., Plunkett Brothers, Inc., Public-Bonded Warehouse and Transfer Company, Inc., Sarasota Transfer & Storage Co., Southern Transfer & Storage Co., Stewart Bonded Warehouse, Suddath Moving & Storage Co., and John E. Withers Transfer & Storage Co.

The petition for reconsideration does not raise any issue which was not given thorough consideration by the commission prior to the entry of order 6205.

The reasons set forth in the petition for further hearing are not valid. It is the position of the petitioners that it is a question of fact as to whether the for hire permit should be granted to the applicant pursuant to its agreement with the Defense Department. However, under the recent Gray Line decision (159 So.2d 217) it is a question of law; that is, under the Gray Line decision the existence of the agreement between the applicant and the Defense Department is all that is necessary to require the commission to grant the for hire permit and there is no further evidence which the protestants could present which would be relevant or material on this question.

Therefore, in consideration thereof, it is ordered that the petitions for reconsideration and further hearing are denied. It is further ordered that the petition to intervene as parties protestant be and the same is granted.